25, 1997, convicting him of a scheme to defraud in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50.

The search warrant and supporting affidavit at issue sufficiently described the area to be searched (*see, People v Nieves,* 36 NY2d 396, 401; *People v Graham,* 220 AD2d 769, 771), and the warrant was not overbroad (*see, People v Bogdan,* 59 AD2d 1026).

The defendant's remaining contentions are without merit (*see, People v Anderson,* 190 AD2d 741; *People v Bouzy,* 242 AD2d 729). Copertino, J. P., Sullivan, Pizzuto and Goldstein, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE BAPTISTE, Appellant. [680 NYS2d 163] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered December 16, 1997, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to disprove the agency defense beyond a reasonable doubt is unpreserved for appellate review (*see, People v Santos,* 86 NY2d 869; *People v Alvarez,* 235 AD2d 484). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to disprove the defendant's claim that he was acting as an agent of the undercover officer in the narcotics transaction (*see, People v Herring,* 83 NY2d 780; *People v Alvarez, supra*; *People v Leybovich,* 201 AD2d 670; *People v Overton,* 168 AD2d 575). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]). Copertino, J. P., Sullivan, Pizzuto and Goldstein, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEXTER CASTELLO, Appellant. [680 NYS2d 163] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J., at trial and sentence), rendered October 3, 1995, convicting him of reckless endangerment in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.